IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF SOUTH CAROLINA

| State of South Carolina; City of Kershaw, | ) | C/A No.: 3:12-1694-JFA-SVH |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Jeffrey Pennington, Defendant in error, | ) | |
| Defendant. | ) | |

Jeffrey Pennington ("Defendant"), proceeding *pro se*, filed a notice of removal which purports to remove "case 53107-72GA" from state court. [Entry #1 at 5; Entry #1-1]. After review of the pleadings, the undersigned finds that this case should be remanded because the court lacks subject matter jurisdiction.

I.    Factual Background

The case Defendant seeks to remove relates to three traffic violations which allegedly occurred on April 19, 2012, in Kershaw County, South Carolina: (1) speeding more than fifteen but less than twenty-five miles per hour over the speed limit; (2) expired vehicle license; and (3) operation or permitting operation of vehicle which is not registered and licensed.[1] [Entry #1 at 2–3]. Defendant has a pending federal civil action related to the

---

[1] Online records for Kershaw County, South Carolina, indicate that a Kershaw County Magistrate found Defendant guilty of three traffic offenses (Case No.'s 53170GA, 53171GA, and 53172GA) subsequent to a bench trial in absentia on June 26, 2012. *See Kershaw County Public Index*, http://publicindex.sccourts.org/kershaw/publicindex (last visited July 31, 2012).

traffic court case. *See Pennington v. Kershaw County South Carolina, et al.*, No. 3:12-1509-JFA-SVH (D.S.C. June 6, 2012). Defendant originally filed his federal civil action in the United States District Court for the Middle District of Georgia, which transferred the case to this court for initial review. *Id.* As is re-stated in the instant pleadings, the pending federal civil action alleges false arrest, excessive force, and a violation of Defendant's right to due process associated with his arrest for traffic violations on April 19, 2012, and a subsequent arrest during a court hearing on June 12, 2012. [Entry #1 at 2–4].

II.   Discussion

   A.   Magistrate Judge's Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. However, at least one court in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts addressing this matter in published opinions have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the

unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case.

B. Analysis

Federal courts are courts of limited jurisdiction, and a district court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. A defendant in state court may remove that case to a federal district court if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. The removing defendant, however, has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Where no subject matter jurisdiction is present, a district court may *sua sponte* remand a case to state court. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Generally, a case may be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151. Further, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D. W. Va. 1994), and the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their

own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted).

The case Defendant seeks to remove was initiated by traffic tickets issued in Kershaw County on April 19, 2012, and prosecuted by the plaintiffs in Kershaw County traffic court. [Entry #1 at 1–3]. Such an action fails to invoke this court's original jurisdiction as required by 28 U.S.C. § 1441. Further, in the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances permitted by 28 U.S.C. §§ 1442, 1442a, and 1443. *South Carolina v. Guidetti*, No. 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011).

To qualify for removal pursuant to 28 U.S.C. § 1442, a defendant must establish several elements, including that he is an officer of the United States or a person acting under an officer of the United States. *Bald Head Ass'n v. Curnin*, No. 7:09-CV173-F, 2010 WL 1904268, at *3–5 (E.D.N.C. May 10, 2010), *dismissed in part and aff'd in part*, No. 10-1655, 2011 WL 1936083 (4th Cir. May 20, 2011). In the present action, Defendant does not allege that he meets the requirements of 28 U.S.C. § 1442. Defendant does not otherwise claim to be a member of the armed forces of the United States. Further, while Defendant claims that he cannot receive a fair trial in traffic court [Entry #1 at 4–5], he provides insufficient factual allegations to demonstrate that his rights to racial equality have been violated in relation to the traffic court proceedings. *See* 28 U.S.C. § 1443; *see also North Carolina v. El-Bey*, No. 5:10-CV-246-FL, 2010 WL 3860392, at *2 (E.D.N.C. Sept. 28, 2010) (remanding speeding

4

case removed to federal court after finding that jurisdiction was not proper under 28 U.S.C. § 1443). Because Defendant fails to establish this court's subject matter jurisdiction over the traffic court case he seeks to remove, this matter should be remanded to state court.

Finally, to the extent Defendant is attempting to bring civil counterclaims for relief under 42 U.S.C. § 1983 as part of his traffic court case, he cannot do so. *See Guidetti*, 2011 WL 6979991, at *2 (citing *Connecticut v. Parks*, No. 3:09-R-1(JCH), 2009 WL 3248654, at *2 (D. Conn. Oct. 5, 2009)) (finding plaintiff could not assert counterclaims under 42 U.S.C. § 1983 or any other statute as part of his traffic court case). In any event, the constitutional claims associated with Defendant's arrests are currently being addressed in his pending federal civil action. *See Pennington v. Kershaw County South Carolina, et al.*, No. 3:12-01509-JFA-SVH (D.S.C. June 6, 2012). Therefore, Defendant's claims for injunctive relief and damages in the instant pleadings are considered a duplicate filing, subject to summary dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party.").

III.     Conclusion

Accordingly, it is recommended that the district judge remand this matter to state court. It is further recommended that the district judge grant Defendant's motion for leave to proceed *in forma pauperis*. [Entry #4].

IT IS SO RECOMMENDED.

July 31, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).